T.C. Memo. 1999-387


UNITED STATES TAX COURT


KERRY L. BRIGNAC, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10780-98.                    Filed November 29, 1999.


Kerry L. Brignac, pro se.

Linda A. Neal, for respondent.


MEMORANDUM OPINION

WOLFE, Special Trial Judge:  Respondent determined deficiencies in petitioner's Federal income taxes in the amounts of $3,795 and $2,025 for the taxable years 1995 and 1996, respectively.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.

The issues for decision are:  (1) Whether petitioner is entitled to claim his sons, Derrell and Travis Brignac, as

dependents; (2) whether petitioner is entitled to head of household filing status; and (3) whether petitioner is entitled to claim his sons as qualifying children for the earned income credit (EIC).

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New Orleans, Louisiana, when the petition in this case was filed.

On his 1995 and 1996 Federal income tax returns, petitioner claimed dependency exemptions for his sons, head of household filing status (listing his sons as qualifying persons), and an EIC (listing his sons as qualifying children). Petitioner reported adjusted gross income (AGI) in the amounts of $12,214 and $6,995 on his 1995 and 1996 Federal income tax returns, respectively.

Petitioner has never been married. During the years in issue he did not reside with his sons' mother, Twyanna Baker (Ms. Baker). Petitioner claims that for the years in issue he and Ms. Baker shared custody and financial responsibility for his sons and that his sons resided with him for part of the year and with Ms. Baker for part of the year.

1. Personal Exemptions

Petitioner claimed dependency exemptions for his sons on his 1995 and 1996 Federal income tax returns. Respondent has determined that petitioner is not entitled to dependency exemptions for his sons because petitioner has not substantiated

that he had custody of them for the greater portion of either of the years in issue.

Section 151(a) and (c) allows a deduction for a dependent as defined in section 152. A son or daughter of the taxpayer, over half of whose support during the calendar year is provided for by the taxpayer, is a dependent. See sec. 152(a). However, section 152(e)(1) further provides that if a child receives over half of his support during the calendar year from parents who live apart at all times during the last 6 months of the calendar year, and if the child is in the custody of one or both his parents for more than one-half of the calendar year, then the child is treated as receiving over half of his support during the year from the parent having custody for a greater portion of the calendar year. The regulations provide: "In the event of so-called 'split' custody, or if neither a decree or agreement establishes who has custody, * * * 'custody' will be deemed to be with the parent who, as between both parents, has the physical custody of the child for the greater portion of the calendar year." Sec. 1.152-4(b), Income Tax Regs. Section 152(e)(2) provides an exception to this rule where the custodial parent releases his claim to the exemption.

During the years in issue, petitioner and Ms. Baker did not reside together, and they provided over one-half of Derrell's and Travis' support. Petitioner contends that Derrell and Travis resided with him for part of the years in issue. However, petitioner has not provided convincing evidence that demonstrates

that Derrell and Travis resided with him for the majority of either of those years. Moreover, petitioner testified that he did not even claim to know whether his sons spent the majority of either of the years at issue with him or with their mother. Based upon this record, we find that petitioner has failed to demonstrate that he had physical custody of the children for the greater portion of either of the years in issue. Moreover, petitioner has not provided evidence that Ms. Baker released her claim to the exemptions for Derrell and Travis. On the contrary, the record indicates that Ms. Baker claimed the exemptions for Derrell and Travis on her tax returns for 1995 and 1996. Therefore, we hold that petitioner is not entitled to dependency exemptions for Derrell and Travis for the years 1995 and 1996.

## 2. Head of Household Filing Status

Petitioner claimed head of household filing status on his 1995 and 1996 Federal income tax returns and listed his sons as qualifying persons. Respondent has determined that petitioner's proper filing status for 1995 and 1996 is single. Section 2(b) provides that a taxpayer may be considered a head of household if the taxpayer is not married at the close of the taxable year and maintains as his or her home a household that constitutes the principal place of abode for more than half of the taxable year for a child of the taxpayer. See sec. 2(b)(1)(A)(i).

As we discussed above, petitioner failed to demonstrate that Derrell and Travis resided in his home for the greater portion of either of the years in issue. Accordingly, we hold that

petitioner is not entitled to head of household filing status for 1995 and 1996.

3. <u>Earned Income Credit</u>

Petitioner claimed earned income credits (EIC) in the amounts of $2,921 and $2,790 on his 1995 and 1996 Federal income tax returns, respectively. In claiming the EIC, petitioner listed his sons as qualifying children. Section 32(a) generally provides an eligible individual with an EIC against his or her income tax liability. However, section 32(a)(2) limits the amount of credit allowable to a taxpayer.

Section 32(a)(2) provides:

> (2) Limitation.--The amount of the credit allowable to a taxpayer under paragraph (1) for any taxable year shall not exceed the excess (if any) of--
> (A) the credit percentage of the earned income amount, over
> (B) the phaseout percentage of so much of the modified adjusted gross income (or, if greater, the earned income) of the taxpayer for the taxable year as exceeds the phaseout amount.

In the case of an eligible individual with no qualifying child, for 1996 the applicable credit percent and the phaseout percentage are 7.65, the earned income amount is $4,220, and the phaseout amount is $5,280. See sec. 32(b). In the case of an eligible individual with no qualifying child for 1995, the applicable credit percent and the phaseout percentage are 7.65, the earned income amount is $4,100, and the phaseout amount is $5,130. See Rev. Proc. 94-72, 1994-2 C.B. 811. Accordingly, an eligible individual with no qualifying children is not entitled to the earned income credit for 1995 and 1996 if his adjusted

gross income is in excess of $9,230 and $9,500, respectively. See sec. 32(a) and (b).

Respondent determined that for the years in issue petitioner did not have any qualifying children and that pursuant to the limitation contained in section 32(a)(2), he is not entitled to an EIC for 1995 and is only entitled to an EIC in the amount of $193 for 1996. A qualifying child is defined, among other things, as a son or daughter of the taxpayer, or a descendant of either, having the same principal place of abode as the taxpayer for more than one-half of the taxable year and who meets the age requirements contained in section 32(c)(3)(C). See sec. 32(c)(3).

As discussed above, petitioner failed to provide convincing evidence to demonstrate that he provided the principal place of abode for his sons for more than one-half of either of the years 1995 and 1996. Accordingly, respondent's determination is sustained.

<u>Decision will be entered for respondent</u>.